IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ART WILLIAMS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-045

ANTHONY HAYNES, Warden, and
ERIC HOLDER, Attorney General,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Art Williams ("Williams"), an inmate currently incarcerated at the Federal Prison Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.[1] Respondent[2] filed a Response. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Williams was convicted, after a jury trial, in the Western District of New York, of: conspiracy to possess with intent to distribute one kilogram or more of heroin, in

---

[1] Williams filed his petition pursuant to the All Writs Act, 28 U.S.C. § 1651. Despite Williams' characterization, courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, Williams' petition is construed as being brought pursuant to section 2241.

[2] The Warden at the facility where a petitioner is housed at the time of filing is the only proper Respondent in a section 2241 petition. 28 U.S.C. § 2243. Thus, Eric Holder should be **dismissed** as a Respondent.

violation of 21 U.S.C. §§ 841(b)(1) and 846; and 13 counts of using a communication facility in committing or causing or facilitating the commission of conspiracy to possess with the intent to distribute, and to distribute heroin, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Williams was sentenced to 216 months' imprisonment for the first count and 48 months' imprisonment on each of the remaining 13 counts, to be served concurrently. United States v. Peterson, 385 F.3d 127, 131 (2d Cir. 2004). After remand to the trial court, which determined that Williams should not be resentenced in light of the decision in United States v. Booker, 543 U.S. 220 (2005), the Second Circuit Court of Appeals found Williams' sentence was reasonable and affirmed. United States v. Williams, 475 F.3d 468 (2d Cir. 2007). Williams filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The trial court denied Williams' motion.

In this petition, Williams contends that he is actually innocent of his severe, unconstitutionally-enhanced sentence. Williams also contends that he is a victim of a fundamental miscarriage of justice. Williams contends that he received a two (2) level increase for obstruction of justice and a three (3) level increase for a leadership role, even though he was not indicted on these charges. Williams asserts that the district court judge who sentenced him misapprehended the impact of the Booker decision. Williams also asserts that he is contesting the unconstitutional sentence enhancements he received, not "the legal portion of his sentence[.]" (Doc. No. 1, p. 6). Respondent contends that Williams cannot use the savings clause to bring his claims pursuant to a § 2241 petition.

2

.O 72A
Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Williams has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Williams asserts that he is actually innocent and, presumably by extension, is entitled to use section 2241 to prevent a fundamental miscarriage of justice.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when

3

intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

By Williams' own admission, his claims do not rely on any retroactive Supreme Court decision. (Doc. No. 1, p. 2). To the extent Williams relies on Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), his claims should be dismissed. In Gilbert, the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions

4

bar of § 2255(h)."[3] 640 F.3d at 1312. "A defendant who is convicted and then has . . . any . . . guidelines enhancement[ ] applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Williams was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846[4], and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A). Williams also was convicted of 13 counts of violating 21 U.S.C. § 843(b); the statutory sentence applicable was not more than eight (8) years' imprisonment. The sentence imposed on Williams—216 months' total imprisonment— does not exceed these statutory maximums. Thus, Gilbert does not provide Williams with his requested relief.

Even if Williams' claims were based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in

---

[3] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

[4] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

5

the instant petition. Simply because Williams' claims have been denied on previous occasions does not mean that section 2255's remedy is inadequate or ineffective. Williams has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Williams has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Williams cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of ~~April~~ May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6